[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15084
Non-Argument Calendar
_____

D.C. Docket Nos. 9:12-cv-80426-KAM; 11-26694-BKC-PGH


In Re:  NORMAN L. DESMARAIS,

                                                                    Debtor.

_____

NORMAN L. DESMARAIS,

                                                        Plaintiff-Appellant,

                              versus

JHELUM ENTERPRISES, LLC,
ANDRE GIBSON, CHARTERED,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, Norman Desmarais ("Debtor"), petitioned the Bankruptcy Court for an order discharging his debt to Jhelum Enterprises, LLC and Andreˊ Gibson, Chartered ("Creditor") arising from a judgment a Florida court gave Creditor based on fraudulent transfers in violation of Fla. Stat. § 726.105(1)(a).[1]  Creditor, responding to the petition, filed an adversary complaint seeking to except the debt from discharge under 11 U.S.C. § 523(a)(6).  The Bankruptcy Court granted Creditor judgment on the ground that the state court judgment—which was based on a fraudulent transfer made with the "actual intent to hinder, delay, or defraud a creditor"—could support a § 523(a)(6) claim.  The Bankruptcy Court then applied the doctrine of collateral estoppel and found that all the elements of § 523(a)(6)'s exception to discharge were met apart from the malice element.  On the malice issue, the court ruled that Debtor's reason for transferring the assets—to start a new business—did not constitute just cause because there was no evidence showing that his mistaken belief, that Creditor would forego its claim for rents, was in any way the result of Creditor's conduct or the parties' course of dealing.  In fine, the court ruled that "it would be a perversion of justice to allow [Debtor],

---

[1]  In a state court lawsuit between Creditor and Oceanside Automotive Service and Towing, LLC ("Oceanside"), Creditor obtained the judgment against Oceanside for past due rent.  Thereafter, Debtor, the sole officer and insider of Oceanside, transferred Oceanside's assets to himself, to prevent Creditor from executing on its judgment.  On learning of the transfer, Creditor impleaded Debtor, claiming that Debtor was a fraudulent transferee of Oceanside's assets.  Creditor obtained the judgment at issue against Debtor pursuant to Florida's version of the Uniform Fraudulent Transfer Act, Fla. Stat. 726.109(1)(a).

who had actual intent to hinder, delay, or defraud [Creditor] and committed actual fraud, to maintain that he had just cause for doing so."

Debtor appealed the Bankruptcy Court's ruling to the District Court and it affirmed. Debtor now appeals the District Court's decision.

We find no merit in Debtor's appeal. Debtor argued to the District Court that Florida's fraudulent transfer statute is remedial and does not create an independent cause of action—that Creditor had nothing more than a debt arising from a breach of contract, and that such debts is not excepted from discharge in bankruptcy. The court properly rejected his argument, holding that while Creditor's claim originally arose out of contract, by virtue of Debtor's wrongful conduct it ripened into a judgment for fraudulent transfer. Debtor now contends that the court erred in this holding, and we disagree.

Debtor also argues that the District Court's reliance on *In re Jennings*, 670 F.3d 1329 (11th Cir. 2012), "either runs roughshod over binding precedent of the United States Supreme Court and this Court, or must be limited to its facts or the law of the forum, California." App't Br. at 3-4. Debtor conceded in the District Court that it was bound by *In re Jennings*. He must make the same concession here.

Finding no error in the District Court's decision, its judgment is
AFFIRMED.

3